ORSON STEVENS *v.* JOHN DEWEY.

[IN CHANCERY.]

*Bill of Review.*

Bill of review not sustainable on account of new documentary evidence which was discovered and known before the determination of the suit in the supreme court.

APPEAL from a decree of the court of chancery, dismissing a bill of review, brought by the present orator, for an alteration in a decree of the court of chancery, made upon a bill instituted in favor of the present defendant against the complainant.

From the bill, answer and testimony, it appeared that on the 18th day of July, 1840, the complainant loaned to his father $325.00, to secure the repayment of which, his father executed to him a deed, absolute upon its face, and took from the complainant a bond, agreeing to reconvey the premises, upon the repayment of said sum, within a certain time. The complainant entered into the possession of the premises, and his father, not paying as stipulated, subsequently assigned to the defendant his right of redeeming said premises. The defendant brought his bill to redeem said premises, on the 14th day of May, 1845, claiming that the transaction between the complainant and his father, amounted to nothing more than the giving and receiving of mortgage security for the payment

of the loan of $325.00. At the time of bringing said bill the bond was supposed to be lost, and in his answer the complainant gave his recollection respecting its terms, and one of the witnesses to its execution testified to his recollection respecting it. By a decree of the court of chancery, at the May Term, 1846, it was adjudged that the deed and bond were to be considered merely as a mortgage;— and upon a reference to a master, the complainant was charged with the rents and profits of the premises, and by a final decree of the court of chancery, at the —— Term, 1849, the defendant was allowed to redeem said premises, by the payment of said sum of $325.00, and interest, after deducting the rents and profits of the place, and the defendant's costs. From this decree the complainant appealed to the supreme court, in which such proceedings were had that at the term of that court, holden in August, 1851, the decree of the court of chancery was affirmed.

. During the pendency of said appeal, and in the spring of 1851, the original bond, executed by the complainant to his father, on the 18th of July, 1840, was found by the complainant's mother, among some old papers in her possession, and given to the complainant. It was claimed, by the complainant, that this bond showed and proved that the understanding and agreement between him and his father was different from what it was adjudged to be, in the suit in favor of the defendant against him, and particularly in reference to his being accountable for the rents and profits of the premises, and for the purpose of availing himself of the evidence afforded by the bond itself, he brought his present bill of review.

The defendant dissented from the complainant's construction of the bond, and insisted that the bond itself did not disclose a different transaction from the one found in the first suit; and claimed that the matters set forth in the complainant's bill of review were not sufficient to entitle him to a reexamination of the matters embraced in the former decree. The court of chancery dismissed the complainant's bill, and from their decree of dismissal the complainant appealed.

*J. Steele* for the complainant.

*W. Heywood* for the defendant.

The opinion of the court was delivered by

Isham, J.   The bond, the discovery of which is the ground upon which this bill of review is prosecuted, was found and given to the plaintiff before the final decree in the original suit.   The case, therefore, falls directly within the provisions of the statute, p. 217, § 83, which provides that no bill of review shall be sustained to review the proceeding in any cause, after the same has been determined by the supreme court, upon appeal, except for causes which originated after, or were unknown to the party, before such determination of the supreme court.

Independent of that objection, we do not see any ground on which this bill can be sustained on its merits.   From the answer and testimony which was filed and taken in the original bill, it appears, that the provisions of the bond, in all important particulars, were in evidence before the court, and the decree was then made, upon the same facts, substantially, as they now appear from the bond.   There is nothing in the bond that alters the case from what it then was, or which would have led the court to a different determination of the case.   In either point of view, we think, the bill was properly dismissed.